# No. 12-55916

## In the United States Court of Appeals for the Ninth Circuit

### Shin Kuboyama, et al.,
Plaintiffs and Appellants,

vs.

### Bank of America, N.A. et al.,
Defendants and Appellees.

———————————————

## APPELLANTS' REPLY BRIEF

———————————————

After an Order Granting Dismissal of the
United States District Court for the Central District of California
No. 2:12-CV-00558-JFW (JCx)
The Honorable John F. Walter

———————————————

Patricia Rodriguez (SBN 270639)
Law Offices of Patricia Rodriguez
739 E. Walnut Street, Suite 204
Telephone: (626) 888-5206
Facsimile: (626) 282-0522

Attorneys for Plaintiffs and Appellants
Shin Kuboyama and Deborah Kuboyama

# **TABLE OF CONTENTS**

I.   INTRODUCTION …………………………………………1

II.  RESTATED STATEMENT OF FACTS
…………………………Error! Bookmark not defined.

III. ARGUMENT ……………………………………………………3

    A.   STANDARD OF REVIEW …………………………………3

    B.   **THE DECEMBER 10, 2010 DATE IS NOT THE START OF THE STATUTE OF LIMITATIONS**…………………..3

    C.   **THE DISTRICT COURT IMPROPERLY RULED THAT EQUITABLE TOLLING WAS NOT ALLOWED IN REGARDS TO APPELLEES 15 U.S.C §1641(G) VIOLATION** ……………………………………………………4

    D.   **APPELLANTS 1641(G) CAUSE OF ACTION WAS TIMELY FILED** ……………………………………………5

    E.   **DOCUMENTS ATTACHED TO THE COMPLAINT ONLY SHOW NOTICE AS OF DATE OF FILING**……………………6

    F.   **SPIRIT OF TILA GOES HAND IN HAND WITH EQUITABLE TOLLING**…………………………………………….6

IV.  CONCLUSION……………………………………………………7

# **TABLE OF AUTHORITIES**

## **Cases**

*Stoll v. Runyon* 165 F.3d 1238, 1242 (9th Cir.1999)………………………3

## **Statutes**

15 U.S.C §1641 131(g)………………………………...….…………1, 2, 4, 5

# I.  INTRODUCTION

Appellees employ multiple strategies in an attempt to dilute the clear and simple issues:  Specifically, (1) When could notice be attributable to Plaintiffs in respect to the violation of TILA; (2) When should equitable tolling of the TILA violation claim start and /or end; and (3) Was Appellants claim filed timely as of January 20, 2012, when accounting for the equitable tolling?  The predecessor cases and procedural posture of said cases mentioned by Appellees are not at issue and are only mentioned to discredit Appellants, again to dilute the clear and simple issues.

# II.  RESTATED STATEMENT OF THE FACTS

On or about December 20, 2005, Shin and Deborah applied for a loan for the purchase of their primary residence located at 171 3rd Street, Solvang, CA 93463. Appellants applied for their loan directly through Countrywide (Appellee).  On December 23, 2010, Defendant Deutsche Bank RECORDED an assignment of the Deed of Trust through MERS. Appellants allege that Section 131(g) of TILA applies to Deutsche Bank as the purported and alleged assignee of Appellants' Deed of Trust. Section 131(g) of TILA requires Deutsche Bank to perform and comply with the requirements of the Statute; otherwise they face statutory and civil penalties and damages that may be sought.

The new subsection (g) added to §131 of TILA by §404 of the **Helping Families Save Their Homes Act of 2009** provides:

> (g) NOTICE OF NEW CREDITOR-
>
> IN GENERAL – In addition to other disclosures required by this title, not later  than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the

1

creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-

(H)  the identity, address, telephone number of the new creditor;
(I)  the date of transfer;
(J)  how to reach an agent or party having authority to act on
(K)  behalf of the new creditor;
(L)  the location of the place where transfer of ownership of the
(M)  debt is recorded; and
(N)  any other relevant information regarding the new creditor.

Failure to comply with the requirements of this new subsection 131(g) of TILA may result in civil liability for actual damages, legal fees, and statutory damages under §130(a) of TILA.

In this case, the assignment of deed of trust was executed on December 10, 2010. The Deed of Trust was later recorded on December 23, 2010.  Thirty days from the date of purported assignment would have been January 9, 2011.  Appellants contend that the January 9, 2011, date came and went without Appellants being notified by Deutsche Bank per TILA. Thirty days had passed since the assignment and Appellants were never notified of the assignment from Deutsche Bank. Nothing in writing of the transfer ever came from Deutsche Bank notifying Appellants of such transfer as is required under 15 U.S.C §1641(g). Appellants contend that it was not until December, 2011, after Appellants retained counsel that they discovered the violation. Following the discovery of the violation, Appellants quickly filed suit on **January 20, 2012.**

2

## IV.  ARGUMENT

### A. STANDARD OF REVIEW:

Appellant agrees that the TILA claim should be reviewed "de novo" as it is reviewing an order dismissing a complaint under Rule 12(b)(6).

### B. THE DECEMBER 10, 2010 DATE IS NOT THE START OF THE STATUTE OF LIMITATIONS

Appellees shy away from mentioning other dates besides the December 10, 2010, date but this could not be the start date as to the statute of limitation.  In fact, even as the purported assignment date, a claim for TILA does not lie until 30 days thereafter, the 12/10/10 date.  Thirty days after is January 9, 2011.  Even with January 9, 201, being the start to the statute of limitations, and not accounting for equitable tolling, Appellants would have had to file their TILA claim by January 9, 2012.  Appellants in fact filed on January 20, 2012.  Without account for any equitable tolling, Appellants would have filed 11 days after tolling expiration.

### C. THE DISTRICT COURT IMPROPERLY RULED THAT EQUITABLE TOLLING WAS NOT ALLOWED IN REGARDS TO APPELLEES 15 U.S.C §1641(G) VIOLATION

 "If a reasonable plaintiff would not have known of the existence of a possible claim…then equitable tolling will serve to extend the statute of limitations…until the plaintiff can gather what information he needs." *Stoll v. Runyon* 165 F.3d 1238, 1242 (9th Cir.1999).  Equitable tolling does not in fact add time for which to file a claim but rather it stops the time from either starting or stopping in regard to the prescribed time limits.

Here, Appellants contend, at the very least, that the time for tolling

3

should not start on January 9, 2011, as they did not have actual notice at that point.  Appellants contend that the statute of limitations should be equitably tolled for at least 11 days from when the violation may have been seen.  The Court cannot expect the Plaintiff to head to the recorder's office every month in anticipation of a recordation of an assignment to a new creditor.

Here, Appellants were never given notice of the assignment and had no reason to believe an assignment ever existed nor had any reason to bother to look into whether an assignment had ever taken place. A homeowner does not consistently check the records nor is one expected too. Appellant had no reason to suspect that an assignment of the deed of trust was ever executed. Actual notice should have been provided to the Appellants of the assignment as is stated in 131(g) which states the creditor "shall **notify the borrower in writing** of such transfer."

The prejudice to the Appellants greatly outweighs any possible harm to the Appellees by bringing this claim 11 days after the statute of limitations had passed. Appellants were never given **actual notice** as 131(g) specifically states Appellees must do so, by "**notify[ing] the borrower in writing**. Despite using due diligence the Appellants were not able to file action concerning this violation until after the expiration of the limitation period. Therefore equitable tolling doctrine should be applied and Appellants should not be time barred from bringing in this clear violation. At the very least the Court should have granted leave to amend to try and gain the 11 days that was so crucial to Appellees.

4

## D. APPELLANTS 1641(G) CAUSE OF ACTION WAS TIMELY FILED

The District court noted that the assignment of deed of trust was executed on December 10, 2010 and the statute of limitation was triggered thirty days after the assignment, i.e. on January 9, 2011. Appellants Complaint was not filed until January 20, 2012, thereby missing the deadline by eleven (11) days. As discussed above equitable tolling should be initiated in these circumstances and Appellants should have been allowed to continue litigating their suit.

Despite this, the District court held that the assignment was recorded on December 23, 2010 and Appellants were put on constructive notice of this assignment.  However one cannot possibly fathom that homeowner should consistently check the county records on a daily basis to see if any assignments pertaining to their property have taken place.  Besides that 131(g) states the creditor who received the assignment must "**notify the borrower in writing**" Regardless, if the homeowners had known that an assignment had taken place as was recorded on December 23, 2010, Appellee Deutsche Bank is supposed to notify Appellees of the assignment within thirty (30) days from this date would be January 22, 2011. One (1) year, which is the statute of limitations, from this date would be January 22, 2012; the complaint was filed on January 20, 2012, which is within the 1 year statute of limitations for this violation. Therefore if you give Appellee, Deutsche Bank, (30) days to notify Appellants of this transfer from the date it became constructively noticed, Appellants Complaint would still be deemed to have been timely filed.

5

## E. DOCUMENTS ATTACHED TO THE COMPLAINT ONLY SHOW NOTICE AS OF DATE OF FILING

Appellees continuously suggest that Appellants had actual notice that the Statute of Limitations was running based on the Complaint attachments. This is an absurd notion because the only thing that the attachments can show is that Appellants had notices at time of suit, January 20, 2012—this could not improve Appellees claim of no equitable tolling.

## F. SPIRIT OF TILA GOES HAND IN HAND WITH EQUITABLE TOLLING

Appellee mentions the spirit of TILA--the spirit of TILA is to give borrowers notice of the back-room deals that regard their note. Equitable tolling goes hand-in-hand with the spirit of TILA because it puts the onus on the violator to provide complete and accurate actual notice, as opposed to, the onus on the borrower to check recorder's offices monthly. The District Court erred in the very least not seeing that Appellants were only 11 days off and could not be responsible for checking the recorder's office monthly, especially around the Christmas and New Year holidays. The January 9 date could not be the strict line at which Appellants were supposed to know of the TILA violation, according to the spirit of both doctrines of equitable tolling and TILA.

## V.   CONCLUSION:

For the forgoing reasons, Appellants respectfully request that this court find that the District court's finding was in error and reverse the Judgment of dismissal.

Dated: April 23, 2013                              Respectfully Submitted,


                                    By: ___/s/ Patricia Rodriguez_____
                                         Patricia Rodriguez
                                         Attorney for Plaintiffs and Appellants
                                         Shin & Deborah Kuboyama

## CERTIFICATE OF COMPLIANCE

1.     The Appellants' Reply Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1971 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This Appellants' Reply Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. Appl. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using 14 point Times New Roman.

Dated: April 23, 2013                    Respectfully Submitted,


                                         By: __/s/ Patricia Rodriguez_____
                                            Patricia Rodriguez
                                            Attorney for Plaintiffs and Appellants
                                            Shin & Deborah Kuboyama

## CERTIFICATE OF SERVICE

All Case Participants are Registered for the Appellate CM/ECF System

Shin Kuboyama, et al. v. Wells Fargo Bank, N.A., et al.,
9th Cir. 12-55916; USDC – Central NO. CV12-00558

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on April 23, 2013.

I certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Erika Shaw
_____
Erika Shaw