**CASE NO.:** 12-55916
_____

**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

SHIN KUBOYAMA and DEBORAH KUBOYAMA,
Plaintiffs-Appellants,

v.

WELLS FARGO BANK N.A; RECONTRUST COMPANY N.A.;
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for the
Harborview Mortgage Loan Trust Mortgage Loan Pass-Through
Certificates, Series, 2006-6; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS INC., AKA MERS; BANK OF AMERICA,
N.A., individually and as successor in interest to Countrywide Bank N.A.;
COUNTRYWIDE HOME LOANS INC,
Defendants-Appellees.
_____

**APPELLANTS' OPENING BRIEF**
_____

APPEAL FROM THE U.S. DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES
U.S.D.C. No. 2:12-cv-00558-JFW-JC
The Honorable John F. Walter

PATRICIA R. RODRIGUEZ, ESQ. [SBN: 270639]
RODRIGUEZ LAW GROUP, INC.
1961 W. Huntington Drive, Suite 201
Alhambra, California
Phone: (626) 888-5206
Fax: (626) 282-0522
Attorneys for Appellant

## TABLE OF CONTENTS

I.     STATEMENT OF THE CASE …………………………………… 1

II.    STATEMENT OF APPEALABILITY ………………………… 1

III.   STATEMENT OF THE FACTS …………………………… 1

IV.   STATEMENT OF JURISDICTION …………………………… 3

V.    STATEMENT OF ISSUES ………...…………………....….. 3

VI.    STANDARD OF REVIEW …………………………………… 3

VII.   ARGUMENT
       A.  THE TRIAL COURT'S INTERPRETATION AND
APPLICATION OF CAL. CIV. CODE §2934 TO TILA NOTICE
REQUIREMENT WAS INAPPROPRIATE ……………………………… 4

       B.    THE DISTRICT COURT IMPROPERLY RULED THAT
EQUITABLE TOLLING WAS NOT ALLOWED IN REGARDS TO
APPELLEES 15 U.S.C §1641(G) VIOLATION ………………………….. 5

VIII.  CONCLUSION

# TABLE OF AUTHORITIES

## Cases

Vigalo v. Miller
120 F.3d 1025 (9th Cir. 1997) …………………………………………… 3

 Wallis v. J.R. Simplot Co.
26 F.3d 885, 888 (9th Cir.1994)………………………………………….. 3

Stoll v. Runyon
165 F.3d 1238, 1242 (9th Cir.1999) …………………………………… 5

Rosen ex rel. Egghead.Com, Inc. v. Brookhaven Capital Management,
Co. Ltd.
179 F.Supp.2d 330 (S.D.N.Y.,2002) …………………………………… 7

U.S. v. Frank B. Killian Co.
269 F.2d 491 (C.A.6 1959) ………………………………………….. 8

## Statutes – Federal

15 U.S.C §1641(g) …………………………………………..1-8

Rule 4, Fed.R.Civ.Proc. …………………………………………… 1

28 U.S.C. §1331………………………………………………… 3

28 U.S.C. §1348 ………………………………………………… 3

Fed. R. Civ. Proc. §12(b)(1) ………………………………………… 8

Fed. R. Civ. Proc. §12(b)(6) ………………………………………… 8

## Statutes – State

Cal. Civ. Code §2934……………………………………………3,4,5,7

## I.   STATEMENT OF THE CASE

The parties to this case are as follows: Shin Kuboyama and Deborah Kuboyama (hereinafter "Appellants") are the Appellants and Plaintiffs below. [**Excerpts of Record, Vol. 1, pg. 1**]

Wells Fargo Bank N.A et. al. are the Appellees and Defendants below. On January 20, 2012, Appellants filed a Title action against the Appellees alleging multiple causes of action including Violation of 15 U.S.C §1641(g) –Truth in Lending Act. 15 U.S.C §1641, "TILA violation", raises a federal question and therefore the case was filed in the District Court. On April 17th, 2012 the U.S District Court granted Appellees' Motion to Dismiss Plaintiffs' Sixth Cause of Action for violation of 15 U.S.C §1641(g). [**Excerpts of Record, Vol. 2, pgs. 105-189**].

In dismissing the sixth cause of action for violation of TILA, which was the only cause of action this court had jurisdiction over, the Court dismissed the remaining causes of action without prejudice.  In addition, the court declined to exercise supplemental jurisdiction over Plaintiffs remaining state-law claims. Appellants filed a Notice of Appeal on May 16, 2012, appealing this decision. [**Excerpts of Record, Vol. 1, pgs. 2-3**].

## II.   STATEMENT OF APPEALABILITY

This appeal is from the judgment of the U.S District Court for Central California, Los Angeles. The appeal is authorized by the Rule 4, <u>Fed. R. Civ. Proc</u>.

## III.   STATEMENT OF THE FACTS

On or about December 20, 2005, Shin and Deborah applied for a loan for the purchase of their primary residence located at 171 3rd Street, Solvang, CA 93463. Appellants applied for their loan directly through Countrywide (Appellee).  [**Excerpts of Record, Vol. 2, pg. 106**]

On December 23, 2010, Defendant Deutsche Bank was assigned the Deed of Trust by MERS. [**Excerpts of Record, Vol. 1, pgs. 115-116**].

Under "The Helping Families Save Their Homes Act of 2009", the new subsection (g) added to Section 131 of TILA by Section 404(a) [15 USC §1641] of the Act states:

*"(g) NOTICE OF NEW CREDITOR-*

*(1) IN GENERAL. –In addition to other disclosures required by this title, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including-*

*"(A) the identity, address, telephone number of the new creditor;*

*"(B) the date of transfer;*

*"(C) how to reach an agent or party having authority to act on behalf of the new creditor;*

*"(D) the location of the place where transfer of ownership of the debt is recorded; and*

*"(E) any other relevant information regarding the new creditor."*

Moreover, *"[F]ailure to comply with the requirements of this new subsection 131(g) of TILA may result in civil liability for actual damages, legal fees and statutory damages under Section 130(a) of TILA."*

Appellants are informed and believe, and thereon allege, that Section 131(g) of TILA [15 U.S.C. §1641(g)] applies to Deutsche Bank as the purported and alleged assignee of Appellants' Deed of Trust. Section 131(g) of TILA requires Deutsche Bank to perform and comply with the requirements of the Statute; otherwise they face statutory and civil penalties and damages that may be sought.

## IV.     STATEMENT OF JURISDICTION

Federal Jurisdiction is pursuant to 28 U.S.C. §§1331 and 1348, providing federal courts with jurisdiction over all civil actions having a federal questions and involving a banking association.

## V.     STATEMENT OF ISSUES

1.     Was the court's interpretation and application of Cal. Civ. Code, §2934 to TILA notice requirement inappropriate?

2.     Did the trial court improperly rule that equitable tolling was not allowed in regards to Appellees' violation of 15 U.S.C. §1641(g)?

3.     Did the district court abuse its discretion by dismissing Appellants' Verified First Amended Complaint without leave to amend?

## VI.     STANDARD OF REVIEW

This case presents an appeal from the judgment of dismissal following the trial court's sustaining of Defendants Motion to Dismiss without leave to amend.

The Ninth Circuit's review of a trial court's dismissal of a complaint for failure to state a claim is a ruling of law which is reviewed de novo. All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. A complaint should not be dismissed unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Vigalo v. Miller 120 F.3d 1025 (9th Cir. 1997). The Ninth Circuit will affirm the judgment only if the "the result reached by the district court is correct," and will do so even if the district court relied on an "erroneous ground. Wallis v. J.R. Simplot Co., 26 F.3d 885, 888 (9th Cir.1994).

In essence, the standard of review is *"abuse of discretion"*, wherein the Appellate Court makes a determination as to whether the trial court

3

abused its discretion in sustaining the motion to dismiss without leave to amend.

## VII.   ARGUMENT

### A.   THE TRIAL COURT'S INTERPRETATION AND APPLICATION OF CAL. CIV. CODE §2934 TO TILA NOTICE REQUIREMENT WAS INAPPROPRIATE

15 U.S.C. §1641 states in relevant part that:

*"(g) Notice of new creditor*

*(1) In general*

*In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--*

*(A) the identity, address, telephone number of the new creditor;*

*(B) the date of transfer;*

*(C) how to reach an agent or party having authority to act on behalf of the new creditor;*

*(D) the location of the place where transfer of ownership of the debt is recorded; and*

*(E) any other relevant information regarding the new creditor."*

*"Notice"* means notice given in writing by either regular mail or hand delivery, with the sender retaining sufficient proof of having given such notice, which may be either a United States postal certificate of mailing or a certificate of service confirming such mailing prepared by the sender.

Plaintiffs' Sixth Cause of Action of their First Amended Complaint alleges that Deutsche Bank violated provisions of TILA, specifically insofar

4

as giving *notice* to Plaintiff that their Deed of Trust had been assigned to Deutsche Bank. [**Excerpts of Record, Vol. 2, pg. 127**].

The aforementioned assignment required Deutsche Bank to give written, *actual*, notice to Appellants, pursuant to 15 U.S.C. §1641(g), as pled in their First Amended Complaint.

The trial court's application of Cal. Civ. Code §2934 was inappropriate, insofar as substituting the statutorily mandated *written notice* for *constructive notice*. [**Excerpts of Record, Vol. 1, pgs. 2-3**].

Furthermore, this ruling is an abuse of discretion as it puts all of the onus on the victim as he would be required to know of the assignment through going to the county recorder's office periodically, even without any inkling of knowledge that a transfer of interest had occurred. Since this ruling in essence changes the statutory requirement of actual notice it is an abuse of discretion and on that basis the judgment should be reversed and this case decided on its merits.

## B.    THE DISTRICT COURT IMPROPERLY RULED THAT EQUITABLE TOLLING WAS NOT ALLOWED IN REGARDS TO APPELLEES 15 U.S.C §1641(G) VIOLATION

Equitable tolling is a doctrine that states a statute of limitations will not bar a claim if, despite use of due diligence, the Plaintiff did not or could not discover the injury until after the expiration of the limitation period. Defendants' Motion to Dismiss Appellants 15 U.S.C §1641(g) was based on the ground that the claim was barred by the statute of limitations. Appellants herein invoke the discovery rule as a reasonable person could not have discovered the facts giving rise to these claims. *"If a reasonable plaintiff would not have known of the existence of a possible claim...then equitable tolling will serve to extend the statute of limitations...until the*

*plaintiff can gather what information he needs.*" <u>Stoll v. Runyon</u> 165 F.3d 1238, 1242 (9th Cir.1999).

Here, Appellants were never given notice of the assignment, as prescribed by law, and had no reason to believe an assignment ever existed, nor did they have any reason whatsoever to look into whether an assignment of their mortgage of Deed of Trust had ever taken place. A homeowner does not constantly check the rolls of recorded documents nor should he be expected to. Appellants had no reason to suspect that an assignment of the Deed of Trust was ever executed. <u>Actual notice</u> should have been provided to the Appellants of the assignment, as is prescribed in 15 U.S.C. §1641(g), which states that the creditor *"shall **notify the borrower in writing** of such transfer."*

The District court noted that the assignment of deed of trust was executed on December 10, 2010 and the statute of limitation was triggered thirty days after the assignment, i.e. on January 9, 2011. Appellants Complaint was not filed until January 20, 2012, thereby, ostensibly missing the deadline by eleven (11) days. As discussed herein, equitable tolling should be initiated in these circumstances and Appellants should have been allowed to continue litigating their suit.

Notwithstanding the clear violation of 15 U.S.C. §1641(g), as is pled in Appellants' First Amended Complaint, the trial court held that the assignment was recorded on December 23, 2010 and Appellants were put on <u>constructive notice</u> of this assignment, which is not an option or alternative provided in the Code. Nevertheless, if the homeowners had known that an assignment had taken place, as was recorded on December 23, 2010, Appellee Deutsche Bank is statutorily obligated to notify Appellants of the assignment within thirty (30) days from said date, January

22, 2011. One (1) year, the statute of limitations, from this date would be **January 22, 2012**. The Complaint was filed on **January 20, 2012**, which is within the 1 year statute of limitations for this violation. Therefore if, arguendo, Appellee Deutsche Bank is afforded the (30) days to notify Appellants of the subject transfer from the date it became <u>constructively</u> noticed, Appellants Complaint would be deemed to have been timely filed.

The prejudice to the Appellants greatly outweighs any possible harm to the Appellees by bringing their claim 11 (eleven) days after the purported statute of limitations had passed. Overall, Appellants were never given **actual notice** as the applicable code specifically states. The burden cannot be on the victim to check the recorder's office to see if their own lender has assigned their interest to another without knowledge to the borrower. Despite exercising due diligence, the Appellants were not able to file an action concerning this violation until 11 days after the expiration of the trial court's defined limitation period. Therefore equitable tolling doctrine should be applied and Appellants should not be time barred from bringing in this clear violation.

## C.    THE TRIAL COURT ABUSED ITS DISCRETION BY DISMISSING APPELLANTS COMPLAINT WITHOUT LEAVE TO AMEND.

The trial court's dismissal of Appellants' complaint, pursuant to sustaining the demurrer against their Sixth Cause of Action, was an abuse of discretion.

The gravamen of the instant appeal and the turning point of Sixth Cause of Action was the invocation of equitable tolling.

*"To invoke the doctrine of equitable tolling and overcome*

*defendants' assertion that the claims are time-barred, plaintiff must plead,*
*with the particularity required by Federal Rule of Civil Procedure 9(b), the*
*following: "(1) wrongful concealment by defendants, (2) which prevented*
*plaintiff['s] discovery of the claim, and (3) due diligence by plaintiff[ ] in*
*pursuing discovery of the claim."* Rosen ex rel. Egghead.Com, Inc. v.
Brookhaven Capital Management, Co. Ltd. 179 F.Supp.2d 330
S.D.N.Y.,2002.

Notwithstanding the Appellees' violation of 15 U.S.C. §1641(g) and
the trial court's misappropriation of Cal. Civ. Code §2934, Plaintiffs should
have been afforded the opportunity to amend their complaint to assert
specific facts that demonstrated due diligence, whereby establishing
additional grounds for equitable tolling.

The trial court ostensibly dismissed the Appellants' Complaint
pursuant to Fed. R. Civ. Proc. §12(b)(1) - Lack of subject matter
jurisdiction, and Fed. R. Civ. Proc. §12(b)(6) - Failure to state a claim upon
which relief can be granted.

*"A complaint should not be dismissed for failure to state a claim*
*unless it appears beyond doubt that plaintiff can prove no set of facts in*
*support of his claim which would entitle him to relief though…these rules*
*does not mean that a poorly drafted pleading should not be dismissed with*
*leave to amend."* U.S. v. Frank B. Killian Co. 269 F.2d 491 (C.A.6 1959).

Plaintiffs should be afforded an opportunity to amend their
Complaint to clarify their exercise of due diligence in support of their claim
and entitlement to equitable tolling.

## VIII.   CONCLUSION:

For the forgoing reasons, Appellants respectfully request that this
court find that the District court's finding was in error, reverse the Judgment

of dismissal, and remand this case to the trial court for a resolution on the merits of this action.

Dated: October 11, 2013          Respectfully submitted,

Rodriguez Law Group, Inc.

By: __/s/ Patricia Rodriguez_____
            Patricia Rodriguez, Esq.
            Attorneys for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rules of Appellate Procedure 29(d) and 32(a)(7)(c), I certify that this brief is proportionately spaced with one inch margins on all four corners with a total of 2,590 words.

## NINTH CIRCUIT LOCAL RULE 28-2.6 STATEMENT

Appellants have no knowledge of any pending cases in the Ninth Circuit related to the issues herein.

Dated: October 11, 2013          Respectfully submitted,

                                 Rodriguez Law Group, Inc.


                                 By: __/s/ Patricia Rodriguez_____
                                       Patricia Rodriguez, Esq.
                                       Attorneys for Appellant

**Form 6.     Certificate of Compliance With Type-Volume Limitation,
                    Typeface Requirements, and Type Style Requirements**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒ this brief contains ___2,590___ words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

☐ this brief uses a monospaced typeface and contains_____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☐ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* _____
*(state font size and name of type style)* _____ *, or*

☐ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____
with *(state number of characters per inch and name of type style)*

_____ .


Signature | /s/ Patricia Rodriguez

Attorney for | Appellants

Date | Oct 11, 2013

| 9th Circuit Case Number(s) | 12-55916 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 10/11/2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)     /s/ Patricia Rodriguez

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date)                    .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)